**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20793-LEIBOWITZ**

**YOSMAY ACOSTA GARCIA**,

     *Petitioner*,

*v.*

**FIELD OFFICE DIRECTOR**,

     *Respondent.*

_____/

### ORDER IN HABEAS CASES SEEKING RELIEF PURSUANT TO 8 U.S.C. § 1226(a)

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on February 6, 2026.  Petitioner is currently being detained by Respondent at Krome North Service Processing Center in Miami, Florida.  [*Id.* ¶ 1].  Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondent is properly named as a party.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition.  *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner."  *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court.  *Id.*  "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process."  *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

Although Petitioner alleges he is being detained at the Krome facility in Miami [ECF No. 1 ¶ 1], he failed to specify whether Respondent is his "immediate custodian." [*See generally id.*]. Petitioner does not specify the Respondent and whether Respondent is the Field Office Director of Krome. [*See id.*]. This is, however, not fatal to the Petition. As stated by many respected judges of this Court, "courts may *sua sponte* order substitution for the proper respondent, as denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute." *Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-cv-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025) (Altman, J.) (cleaned up) (citing *Mayorga v. Meade*, No. 24-cv-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) (quoting *Jackson v. Chatman*, 589 F. App'x 490, n.1 (11th Cir. 2014))). Accordingly, the Court has jurisdiction over the Petition, but **SUBSTITUTES** Respondent Field Office Director for the proper respondent, Charles Parra, Assistant Field Office Director at Krome.

Turning to the merits of the Petition, the Court is inclined to grant Petitioner's request for a bond hearing, pursuant to 8 U.S.C. § 1226(a), on an expedited basis. Petitioner seeks an individualized bond hearing. [ECF No. 1 ¶¶ 6–7]. In prior cases involving essentially indistinguishable facts, Respondent has advanced the novel position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Ocampo Fernandez v. Ripa*, No. 1:25-cv-24981-DSL, ECF No. 17 (S.D. Fla. Nov. 25, 2025); *Landaverde v. Ripa*, No. 0:25-cv-62474-DSL, ECF No. 11 (S.D. Fla. Dec. 18, 2025); *Velasquez v. Diaz, et al.*, No. 1:25-cv-25604-DSL, ECF No. 24 (S.D. Fla. Dec. 18, 2025); *Martinez v. Field Off. Dir.*, No. 1:25-cv-26026-DSL, ECF No. 7 (S.D. Fla. Jan. 14, 2026); *Moncada v. Noem, et al.*, 0:25-cv-62285-DSL, ECF No. 14 (S.D. Fla. Jan. 16, 2026). To date, the vast majority of courts have sided against Respondent on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, ECF No. 9 at 6–10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). Indeed, the Government itself has acknowledged in prior filings before this Court that its position is, generally

2

speaking, a losing one.  *See, e.g.*, *Velasquez*, ECF No. 19 at 1 n.1.  While the Court will address with fresh eyes any factual or legal argument either party wishes to place before it, in the interest of judicial economy and because of the increased number of these cases with materially indistinguishable facts and legal argument, upon due consideration it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition.  Respondent Parra **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent Parra shall *either* (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a) <u>within fourteen (14) days of the entry of this Order</u>, or otherwise release Petitioner; *or* (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than February 9, 2026**.  *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent Parra chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing.  <u>No less than 72 hours prior to the time the bond hearing is set to commence</u>, Respondent Parra shall notify Petitioner that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

b.  If Respondent Parra elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted.  Petitioner may, but is not required to, file a reply to Respondent's response **no later than February 12, 2026**.

3.  Counsel for Respondent Parra shall *immediately* notify the Court upon receipt of this Order of the name of the Assistant United States Attorney or other attorney for the Government to whom the case is assigned.

4.  The *Clerk* is **DIRECTED** to **DISMISS** Respondent Field Office Director, who is **SUBSTITUTED** for Charles Parra, Assistant Field Office Director.

**DONE AND ORDERED** in the Southern District of Florida on February 6, 2026.


DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE


cc:      counsel of record